UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON L. GRIFFITH, *et al.*, <br><br> Plaintiffs, <br><br> -against- <br><br> OTIS BANTUM CORRECTIONAL CENTER, *et al.*, <br><br> Defendants. | 24-CV-8318 (LTS) <br><br> ORDER TO SEVER AND OPEN NEW CIVIL ACTIONS |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Brandon L. Griffith ("Griffith"), who currently is detained at the Otis Bantum Correctional Facility ("OBCC"), filed this *pro se* complaint alleging that OBCC correctional staff are violating his and 62 other OBCC detainees' constitutional rights. The complaint lists the names of 62 other OBCC detainees, all of whom also signed the complaint. Griffith identifies himself as the "lead plaintiff." Only Griffith submitted a request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and a prisoner authorization.

For the reasons set forth below, the Court directs the Clerk of Court to (1) sever the claims, under Rule 21 of the Federal Rules of Civil Procedure, brought by each plaintiff whose name appears in the complaint; and (2) open a new civil action for each plaintiff other than Griffith, who will now be the sole plaintiff in this case.

## DISCUSSION

Under Rule 20 of the Federal Rules of Civil Procedure, multiple plaintiffs may join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (courts "look to the logical relationship between the claims and

determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Under Rule 21 of the Federal Rules of Civil Procedure, courts have the authority to sever claims, even without a finding that joinder of such claims was improper. Generally, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay," Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted), a court may sever a claim, *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to order severance of claims, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007) (noting that when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

The Court finds that, in the interests of judicial economy, the claims brought by plaintiffs should be severed under Fed. R. Civ. P. 21 because the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action.

First, as *pro se* litigants, plaintiffs may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause"). Although Griffith describes himself as the "lead plaintiff," he cannot represent the interests of the 62 other plaintiffs.

Second, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During this action, each plaintiff will be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where one or more of the plaintiffs could be released or transferred at any time, at least some of the plaintiffs likely will be unable to sign future documents.

Finally, because of security concerns related to correspondence and face-to-face communications between detained individuals, plaintiffs will have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the court. These circumstances will result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint,

3

security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

For these reasons, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the plaintiffs and would not achieve judicial economy. Allowing each plaintiff to proceed separately will facilitate the fair and efficient disposition of the litigation.

The Court therefore severs this action into individual cases. Brandon Griffith will proceed as the sole plaintiff in this action. The other 62 plaintiffs, listed below, will each be assigned a new case number. A copy of the complaint (ECF No. 1) and this order will be docketed in each new case. The new cases will proceed independently from this point on, and plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court. Once the new cases are opened, the Court will direct the other individuals to submit signed IFP applications, and prisoner authorizations.

This order offers no opinion on whether these claims may be treated as related under Rule 13 of the Division of Business Among District Judges or be consolidated under Rule 42 of the Federal Rules of Civil Procedure.[1]

The following two pages include a list of the 62 other plaintiffs.

---

[1] The severance of plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the court can deem the cases related or consolidate them. *See generally Hagan v. Rogers*, 570 F.3d 146, 161 (3d Cir. 2009) ("The difference between joinder under Rule 20 and consolidation under Rule 42(a) is not a distinction without a difference. Under the latter rule, before there is a consolidation there are, by definition, separate actions, for each of which a filing fee is paid and each of which must stand on its own merit.").

1. Terrell Lewis #1412003074
2. Roman Martinez #2412101999
3. Raimy Corraro #2412300662
4. Ryan Ormsby #141240225
5. Terrell Winters #1411903780
6. Michael Bennett #1412003663
7. Norberto Lee #3492402444
8. Abdullah Abubala #441230411
9. Shakeem Callaghan #1412000585
10. Joshua Rivera #2102300250
11. Hussein Adam #5412300684
12. Jaheim James # 2912901291
13. Kevin Oytega #44112401060
14. Danny Delacruz #4412400974
15. Kevin Feliz #2412302288
16. Danny Batson #1412303855
17. Trayvon Wilson #1412301045
18. Carlos Rivera #2412201426
19. Yawillis Rodriguez #2412302418
20. Frank Soto #2412302208
21. Jose Castri #349304180
22. Ceda Sanchez #3492304180
23. Tineo Gioliver #1412302002
24. Alex Davis #3602300073
25. Paul Johnson #8752200028
26. Rashawn Brown #1412002641
27. Damien Deleon #8252301430
28. Arturo Cuevas #4412300798
29. Luis Pacheco #3602300062
30. Jerson Acosta #3102200500
31. Lewis Turnball #2412302466
32. Anthony Alimonte #3102400211
33. Dwayne M. Riley Jr. #1412300261
34. Ivan Cabreja #4412303986
35. Jensi Alfonso #1412400367
36. Josue Vasquez #2412301015
37. Alfred Lopez #2412301781
38. Emmanuel Lovett #1412402343
39. Roy Richards #1412402164
40. Shamel Williams #4102300116

41. Juan Lovelady #3492401080
42. Jason Williams #3492302793
43. Diego Sabala #2412202588
44. Tykenda Richardson #1412402492
45. David Chauntique #1412000589
46. Alex Rodriguez #3492400094
47. Christopher Torres #1412402480
48. Damon McGriff #3492403230
49. Doriano Gigante #1412402718
50. Jose R. Vasquez #2412400853
51. Adrian Franklin #241240114
52. Jerald Bethen #4412002046
53. Amaury Toro #2412401867
54. Daniel Perez #4412402579
55. John Markou #4412402785
56. Andrew Pridgem #4412300947
57. Damian Suarez #8252400904
58. Jeffrey Garcia #4412300252
59. Justin Rivera #3492703197
60. Hason Rink #1412001796
61. James Bradley #54122400717
62. Khalif Abdullah #3492401626

## CONCLUSION

The Court severs the claims of all plaintiffs under Fed. R. Civ. P. 21. Brandon L. Griffith will proceed as the sole plaintiff in this action.

The Clerk of Court is directed to open a separate civil action with a new docket number for each of the 62 plaintiffs listed on pages five and six of this order. A copy of the complaint (ECF No. 1) and this order shall be docketed in each new case.

The Clerk of Court is directed to mail a copy of this order to each of the plaintiffs at the following address: Otis Bantum Correctional Facility, 1600 Hazen Street, East Elmhurst, New York, 11370.

SO ORDERED.

Dated:   December 12, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge